DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Alvin Eugene Cowley appeals from a judgment in the Lorain County Court of Common Pleas enforcing a settlement agreement. This Court reverses and remands the cause so that the trial court may conduct an evidentiary hearing to determine whether a settlement agreement exists, and, if so, what terms constitute the agreement.
On September 11, 1996, appellee-plaintiff Jean Rathburn Cowley brought an action in the court of common pleas seeking either the partition of, or, alternatively, the sale of and distribution of the proceeds from two parcels of farm land in which both she and appellant held an interest. Appellant answered and filed a counterclaim for alleged acts of waste by appellee and to recover all monies due to him from the sale of joint property.
In an entry journalized May 28, 1997, the trial court noted that the case had been settled prior to trial and instructed the parties to submit an agreed settlement entry within sixty days. The record does not indicate that such an entry was filed with the trial court within that sixty-day period; however, on August 1, 1997, appellee moved the trial court to enforce the settlement agreement. Appellee's motion included an attached, handwritten copy of what appellee asserted was the settlement agreement. The handwritten text was neither dated nor signed by either party. Also attached to the motion were affidavits from appellee and her counsel supporting the claims that a settlement had been reached and that appellant had refused to comply with the terms of the agreement. Appellant contested this motion and produced an affidavit from his stepson, who had attended settlement negotiations, as support for the contention that no settlement agreement had been finalized. Appellant also suggested the need for an evidentiary hearing to determine the terms and existence of the purported settlement agreement. No hearing was held.
On February 24, 1999, the trial court granted appellee's motion to enforce the settlement agreement, having read appellant's stepson's affidavit as actually supporting the claim that such an agreement existed and having found that a settlement agreement had been reached on May 27, 1997. The trial court ordered appellee's counsel to submit a judgment entry setting forth the terms of the May 27, 1997 agreement. The judgment entry was journalized on March 19, 1998.
Appellant timely appeals, asserting two assignments of error.
First Assignment of Error
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN GRANTING PLAINTIFF-APPELLEE'S MOTION TO ENFORCE SETTLEMENT AGREEMENT.
 Second Assignment of Error
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN ADOPTING THE TERMS OF PLAINTIFF-APPELLEE'S PROPOSED JUDGMENT ENTRY.
In his first assignment of error, appellant argues that the trial court erred in refusing to consider factual allegations made in his pleadings. Further, appellant argues that, because material facts concerning the existence and terms of the settlement agreement were in dispute, the trial court should have conducted an evidentiary hearing prior to ruling on appellee's motion. Appellant's latter contention is correct. This Court has previously recognized that "`[w]here the meaning of terms of a settlement agreement is disputed, or where there is a dispute that contests the existence of a settlement agreement, a trial courtmust conduct an evidentiary hearing prior to entering judgment.'" (Emphasis added.) Profancik v. Short's Athletic Club, Inc. (Dec. 16, 1998), Medina App. No. 2744-M, unreported, quoting Rulli v.Fan Co. (1997), 79 Ohio St.3d 374, syllabus. In the instant case, appellant disputed both the existence and the terms of the purported settlement agreement in the lower court. Accordingly, the trial court should have conducted an evidentiary hearing prior to ruling on appellee's motion to enforce the settlement agreement.
Given the disposition of this issue, the remainder of appellant's first assignment of error and the totality of appellant's second assignment of error are rendered moot and need not be addressed by this Court. The judgment of the court of common pleas is reversed and the cause is remanded so that an evidentiary hearing may be conducted.
Judgment reversed, and cause remanded.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Lorain County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
Exceptions.
 ___________________________ DONNA J. CARR
FOR THE COURT
BAIRD, P. J.
QUILLIN, J.
CONCUR
(Quillin, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)